UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KASHIKA S. SPEED,

       Plaintiff,

    v.

WARDEN HOOVER,
OFFICER WORK,
CORE CIVIC COMPANY,

       Defendants.

**ORDER**

6:26-CV-06428 EAW

---

*Pro se* Plaintiff, Kashika S. Speed, a prisoner confined at the Northeast Ohio Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff asserts constitutional violations arising from events at the Northeast Ohio Correctional Facility. (Dkt. 1).  He has also filed a motion to proceed *in forma pauperis* (Dkt. 4) and a motion to appoint counsel (Dkt. 2).  For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

- 1 -

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under § 1391(c) a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to "personal jurisdiction with respect to the civil action in question."  *See* 28 U.S.C. § 1391(c)(1), (2).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*."  *Grefer v. Chirco*, No. 6:23-CV-6047-EAW, 2023 WL 1798728, at *1 (W.D.N.Y. Feb. 7, 2023).  The purpose of the § 1406(a) transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Here, the events underlying the claims asserted in the complaint occurred at the Northeast Ohio Correctional Facility in Youngstown, Ohio, which is located in within the geographical confines of the Northern District of Ohio.  *See* 28 U.S.C. § 115(a).  Plaintiff does not allege that the Defendants reside within this District.  *See* 28 U.S.C. § 1391(c)(1); *see also Cohn v. Doe, 1-10,* No. 25-CV-342-LJV, 2025 WL 3527764, at *1 n.1 (W.D.N.Y. Dec. 9, 2025) (explaining that when "public officials are sued in their official capacities, residence for venue purposes is where they perform their official duties" (quoting *Andrew H. by Irene H. v. Ambach*, 579 F. Supp. 85, 88 (S.D.N.Y. 1984))).  And Plaintiff does not

allege that any conduct occurred within this District. Thus, there is no apparent basis for venue in the Western District of New York.

**<u>CONCLUSION</u>**

Based upon the foregoing, this Court finds that venue for Plaintiff's action is not proper in this District. In the interest of justice, this action is transferred to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). This Court makes no ruling as to the sufficiency of the complaint, nor does it consider the merits of Plaintiff's motions to appoint counsel, (Dkt. 2), and to proceed *in forma pauperis*, (Dkt. 4). The Court leaves those issues to the Northern District of Ohio.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       July 2, 2026
             Rochester, New York

- 3 -